FILED
DEC 06 2016
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Cause No. 16-30067 |
| ) | |
| v. ) | |
| ) | 18 USC § 1347 |
| KEVIN W. SCHAUL, ) | |
| ) | |
| ) | |
| Defendant. ) | |

INDICTMENT

THE GRAND JURY CHARGES:

### The Defendant

1. The defendant, **KEVIN W. SCHAUL**, was a resident of Springfield, Illinois and the President and sole shareholder of CHILDRITE MEDICAL SUPPLY, INC. (CHILDRITE). On or about May 27, 2009, CHILDRITE was registered as a corporation in the State of Illinois. It was involuntarily dissolved on or about October 10, 2014.

### The Medicaid Program

2. The Medicaid program of the United States and the State of Illinois was established in 1965 to provide health care insurance benefits to indigent persons. At all times relevant to this indictment, Medicaid met the definition of a health care benefit program, as defined in Title 18 United States Code, Section 24(b).

3. The Illinois Department of Healthcare and Family Services (HFS), formerly known as the Illinois Department of Public Aid, administered the Medicaid program in the State of Illinois. The United States, through the Centers for Medicare and Medicaid Services (CMS), which was an operating division of the United States Department of Health and Human Services (HHS), provided approximately one-half of the money for the Illinois Medicaid program, with the remainder of the money provided by the State of Illinois.

4. In Illinois, HFS administered the Medicaid program, in accordance with CMS regulations. To become a provider (such as a doctor, hospital, durable medical equipment supplier, etc.) in the Medicaid program, the prospective provider was required to file and have an application accepted by HFS.

5. Under certain circumstances, the Medicaid program reimbursed enrolled providers for various durable medical equipment, including incontinence supplies, such as diapers, pull-ups, and underpads. The primary recipients of incontinence supplies under the Medicaid program were special-needs adults and children.

6. The primary method for providers to bill for items or services provided to Medicaid recipients was by filing a claim with HFS. Medicaid claims were identified by document control numbers (DCNs). Each claim described the item or service rendered by use of a five-digit alphanumeric "code," called a Healthcare Common Procedure Coding System code (HCPCS Code), which described the item or service provided. HFS paid providers a set rate for each unit of a specific code.

### Defendant SCHAUL's Participation in the Medicaid Program

7. On or about June 7, 2009, Defendant **SCHAUL** submitted an application to HFS for CHILDRITE to become a Medicaid provider. The application listed Defendant **SCHAUL** as the owner of CHILDRITE. HFS approved CHILDRITE as a Medicaid provider and assigned CHILDRITE a unique Provider ID Number for use on its Medicaid claims.

8. From at least August 2009 through at least September 2013, Defendant **SCHAUL**, through CHILDRITE, submitted and caused to be submitted approximately 19,056 claims for reimbursement to HFS under the Medicaid program, totaling approximately 4,005,102 units of incontinence supplies. One unit was equivalent to one diaper, pull-up, underpad, etc. As a result of these claims, Medicaid paid CHILDRITE approximately $2,312,244.66.

### The Scheme to Defraud

9. From in or about August 2009 and continuing to at least September 2013, the defendant,

**KEVIN W. SCHAUL**,

knowingly devised and participated in a scheme to defraud Medicaid, a health care benefit program, and to obtain Medicaid funds by means of material false statements, pretenses, representations, and promises.

10. As part of the scheme, Defendant **SCHAUL**, through CHILDRITE, repeatedly submitted and caused to be submitted false and fraudulent Medicaid claims to HFS for the delivery of incontinence products that he represented had been provided

3

to Medicaid recipients, namely, special-needs adults and children, when in fact, as Defendant **SCHAUL** well knew, no such products had been delivered or had not been delivered in the amount claimed.

11. As part of the scheme, and after HFS notified Medicaid providers of a reduction in the amount of monthly payments for diapers, Defendant **SCHAUL**, through CHILDRITE, repeatedly submitted and caused to be submitted false and fraudulent Medicaid claims to HFS for the purchase of disposable underpads, when in fact, as Defendant **SCHAUL** well knew, no such products had been delivered or had not been delivered in the amounts claimed.

12. As a part of the scheme, Defendant **SCHAUL** converted Medicaid funds received from fraudulent claims to his personal use, including, but not limited to, using such funds for clothing, food and entertainment, fuel, travel, cash withdrawals, mortgage payments, and payments to a family member.

13. As a result of his scheme, Defendant **SCHAUL** caused a loss to HFS and the Medicaid program of as much as $500,000 or more.

### Executions of the Scheme

14. On or about the dates below, and for each count, in the Central District of Illinois, and elsewhere, the defendant,

### KEVIN W. SCHAUL,

for the purpose of executing the scheme and attempting to do so, submitted the following claims to HFS under the Medicaid program:

| Count | Date | Description of Claim |
|---|---|---|
| 1 | 2/5/13 | Claim of $76.00 for the represented delivery of underpads for customer DL |
| 2 | 2/5/13 | Claim of $76.00 for the represented delivery of underpads for customer EO |
| 3 | 2/13/13 | Claim of $76.00 for the represented delivery of underpads for customer LF |
| 4 | 2/15/13 | Claim of $76.00 for the represented delivery of underpads for customer MT |
| 5 | 8/21/13 | Claim of $124.00 for the represented delivery of diapers for customer MS |

All in violation of Title 18, United States Code, Section 1347.

s/ Foreperson
_____
FOREPERSON

s/ John Childress
_____
JAMES A. LEWIS
UNITED STATES ATTORNEY/TB