E-FILED
Thursday, 16 July, 2020  03:07:45 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 16-cr-30067** |
| | ) | |
| **KEVIN W. SCHAUL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Kevin W. Schaul's amended Motion for Compassionate Release (d/e 81) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

On August 30, 2018, Defendant pleaded guilty to five counts of health care fraud in violation of 18 U.S.C. § 1347. On March 29, 2019, the undersigned District Judge sentenced Defendant to 24 months' imprisonment on each count to be served concurrently with each other. The Court also imposed a three-year term of supervised release on each count to be served concurrently.

Defendant is currently serving his sentence at the U.S. Medical
Center for Federal Prisoners (MCFP), in Springfield, Missouri.
Bureau of Prisons, Find an Inmate,
https://www.bop.gov/inmateloc/ (last accessed July 16, 2020).
Defendant's projected release date is January 8, 2021.  Id.

On June 18, 2020, the Court received a letter from Defendant
which the Court construed as a pro se motion for compassionate
release (d/e 78) pursuant to 18 U.S.C. § 3582(c)(1)(A).  On June 24,
2020, after appointment of the Office of the Federal Public
Defender, Defendant filed an Amended Motion for Compassionate
Release (d/e 81).  Defendant requests compassionate release due to
the COVID-19 pandemic.  Defendant is fifty-five years old and has
no underlying medical conditions.

If released, Defendant proposes to live with his father and
stepmother in Augusta, Missouri.  The United States Probation
Office, in a Memorandum (d/e 85) addressing Defendant's request
for compassionate release, concludes that Defendant's father's
house appears to be an acceptable living situation for Defendant.
Id. at 2.  Probation's Memorandum also notes that Defendant has
no disciplinary record from his time in the custody of the Bureau of

Prisons (BOP).  Id. at 1.

On June 29, 2020, the Government filed a Response to Defendant's Motion for Compassionate Release (d/e 83).  In the Response, the Government argued that Defendant's Motion should be denied because Defendant has failed to exhaust his administrative remedies and because Defendant does not meet the requirements for compassionate release.  Resp. 7.

On July 16, 2020, the Court held a video conference hearing on Defendant's Amended Motion for Compassionate Release.  As of July 16, 2020, BOP reports one confirmed active inmate case of COVID-19 at MCFP Springfield.  See Federal Bureau of Prisons – COVID-19 Cases, https://www.bop.gov/coronavirus/ (last accessed July 16, 2020).

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed.  See 18 U.S.C. § 3582(c).  However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met.  See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of BOP filed a motion seeking that relief.  With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate made his or her request, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing

Commission.

18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment.  The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons.  Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation.  Socially distancing can be difficult for individuals living or working in a prison.  Defendant, however, as conceded in the amended motion, "does not have any self-evident risk factors for complications from COVID-19."  Am. Mot. Compassionate Release 2; see also Centers for Disease Control and Prevention, "Coronavirus Disease 2019 (COVID-19): People Who Are at Increased Risk for Severe Illness," available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html.

While the Court acknowledges that the offense for which

Defendant is presently incarcerated did not involve violence, Defendant was held responsible for a total loss well in excess of $500,000 and Defendant has a prior history of domestic violence arrests.  See PSR ¶¶ 25, 47-49, 51, d/e 50.  Furthermore, according to the Government's response, Defendant is scheduled to be released to a halfway house in less than a month on August 11, 2020.

Finally, as noted previously, Defendant is fifty-five years old, and has not been diagnosed with any condition that would increase the risks of serious illness or death from COVID-19.  Probation's Memorandum states that "[a] BOP health services report indicates Mr. Schaul has no chronic medical illnesses and is not taking prescribed medication."  Probation's Mem. 1.  The BOP medical records filed by the Government confirm these facts.  See d/e 86.

The Court, taking all the relevant facts into account, finds that Defendant has not established that there exist extraordinary and compelling reasons that warrant a reduction in his term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Kevin W. Schaul's

Amended Motion for Compassionate Release (d/e 81) and

Defendant's pro se Motion for Compassionate Release (d/e 78) are

DENIED.  This ruling does not preclude Defendant from filing

another motion for compassionate release in the future if

circumstances change.


ENTER:  July 16, 2020

                                    */s/ Sue E. Myerscough*
                                    SUE E. MYERSCOUGH
                                    UNITED STATES DISTRICT JUDGE