# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Case No. 16-cr-30067 |
| v. ) | |
| ) | |
| **KEVIN SCHAUL,** ) | |
| ) | |
| **Defendant.** ) | |

### OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Kevin Schaul's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (d/e 98). Because Defendant has not shown that he was prejudiced by his counsel's representation, his motion is DENIED.

## I.   BACKGROUND

On December 6, 2016, a Grand Jury returned an Indictment in which Defendant was charged with five counts of engaging in a scheme to defraud the Medicaid program of the United States and the State of Illinois of $500,000 or more in violation of 18 U.S.C. § 1347.  On December 20, 2016, Attorney D. Peter Wise entered an appearance on behalf on Defendant and continued to represent him

throughout Defendant's case. Defendant was arraigned released on bond on January 5, 2017.

Between January 2017 and May 2018, Defendant, through Mr. Wise, filed ten motions to continue trial so that Defendant, Mr. Wise, and their retained forensic accountants could review discovery and evidence. However, on August 30, 2018, Defendant entered a plea of guilty before Magistrate Judge Shanzle-Haskins. At his change of plea hearing, and after Judge Shanzle-Haskins found him competent to enter a guilty plea, Defendant stated that was satisfied with Mr. Wise's representation and that he had a sufficient amount of time to discuss his case with Mr. Wise. Change of Plea (COP) Tr. 7:5–17. Defendant stated he understood (1) the charges against him—id. at 8:21-(2) that he could continue with his not guilty plea if he did not want to plead guilty—id. at 10:16—and (3) that he could opt to continue his case to trial pursuant to his previously entered not guilty plea—id. at 11:17. After these acknowledgements, Defendant knowingly pleaded guilty to the charges against him while knowingly and voluntarily giving up his trial rights. Id. at 11:18–15:1. Finally, Defendant was asked by Judge Shanzle-Haskins whether "anybody attempted in any way

to force [Defendant] to plead guilty in [his] case," to which Defendant responded "No" and that he was, in fact, guilty. Id. at 15:6–13.

On September 18, 2018, the Court adopted Judge Shanzle-Haskins' Report and Recommendation and accepted Defendant's plea of guilty as to the five counts alleged in the Indictment. On March 29, 2019, Defendant was sentenced to 24 months' imprisonment as to each count to run concurrently and to be followed be a three-year term of supervised release, also on each count and to run concurrently.

On June 18, 2020, the Seventh Circuit affirmed Defendant's conviction, holding that Defendant admitted facts to establish his guilt. United States v. Schaul, 962 F.3d 917, 925 (7th Cir. 2020). Defendant now seeks to challenge his sentence under 28 U.S.C. § 2255, arguing that he received constitutionally ineffective assistance of counsel through Mr. Wise's representation.

## II.    LEGAL STANDARD

A person convicted of a federal crime may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Relief under § 2555 is an extraordinary remedy because a § 2255

petitioner has already had "an opportunity for full process." Almonacid v. United States, 476 F.3d 518, 521 (7th Cir. 2007). In considering a § 2255 motion, the Court reviews the evidence and inferences drawn therefrom in the light most favorable to the Government. Carnine v. United States, 974 F.3d 924, 928 (7th Cir. 1992).

One challenge a petitioner may bring against his sentence under § 2255 is to allege ineffective assistance of counsel in violation of the Sixth Amendment. See Bethel v. United States, 458 F.3d 711, 714–15 (7th Cir. 2006) (citing Strickland v. Washington, 466 U.S. 668 (1984)). To succeed on a claim of ineffective assistance of counsel, the petitioner must show (1) counsel's representation fell below an objective standard of reasonableness; and (2) the petitioner suffered prejudice as a result. Id. at 715.

"A claim for constitutionally ineffective assistance of counsel during the plea process is governed by the Strickland standard." Minnick v. Winkleski, 15 F.4th 460, 468 (7th Cir. 2021). To show prejudice during the plea process, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted

on going to trial." Brock-Miller v. United States, 887 F.3d 298, 311 (7th Cir. 2018) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Hicks v. United States, 886 F.3d 648, 650 (7th Cir. 2018) (quoting Strickland, 466 U.S. at 694). A district court "should not upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." Lee v. United States, 137 S. Ct. 1958, 1967 (2017). Instead, a district court should "look to contemporaneous evidence to substantiate a defendant's expressed preferences." Id. On § 2255 review, there is "a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

### III.  ANALYSIS

Defendant argues that he received constitutionally ineffective assistance of counsel for two reasons. In his Motion to Vacate Defendant argues that Mr. Wise did not fully consider or argue the results of an incomplete forensic audit performed by Defendant's retained accountants, rendering the Government's case against him insufficient. (d/e 98) p. 2. In his Reply brief, Defendant elaborates,

arguing that he was deprived of effective assistance because the audit took too long and that he only pled guilty because he felt compelled and pressured by Mr. Wise to do so.  (d/e 104) pp. 2–3.

    Defendant has not shown that he was denied effective assistance of counsel.   First, to the extent Defendant seeks to relitigate the sufficiency of the Government's evidence against him, Defendant waived his right to do so in his plea agreement.  See United States v. Galbraith, 200F.3d 1006, 1010 (7th Cir. 2000).

    Second, Defendant's arguments regarding his perceived pressure to plead guilty are conclusory, unsupported by evidence, and do not overcome the strong presumption that Mr. Wise's representation and advice to plead guilty was outside the range of professional assistance.  Moreover, Defendants' arguments directly contradict the statements he made under oath at his sentencing hearing.  Defendant's arguments that he was coerced into pleading guilty amount to post hoc assertions about what he would choose to do if his change of plea hearing were held today.  Such arguments, without evidence, cannot be used to upset a guilty plea. See Lee v. United States, 137 S.Ct. 1958, 1967 (2017) ("Courts should not upset a plea solely because of post hoc assertions from a

defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences.")  As a result, Defendant has not carried his burden to show he was prejudiced by his counsel's representation.  Because Defendant has failed Strickland's prejudice prong, the Court need not address the reasonableness prong.  See Chichakly v. United States, 926 F.2d 624, 630 (7th Cir. 1991) ("When we determine that the appellant has failed to demonstrate error on either prong of the Strickland test, we need not address the other.").

## IV.   CONCLUSION

Defendant has not shown that he was deprived of his Sixth Amendment right to sufficient representation of counsel.  Therefore, his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is DENIED.  This case is closed.

**IT IS SO ORDERED**
**ENTERED:  November 19, 2021**

**FOR THE COURT:**

/s/ Sue E. Myerscough
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**